WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—September, 1886.

DE LAMATER *v.* McCASKIE.

*In the matter of the estate of* HIRAM H. HAVENS, *deceased.*

In Code Civ. Pro., § 2713, last sentence, requiring a special proceeding for the discovery of a decedent's assets to be dismissed upon the presenta-

tion of a proper bond, and the payment of costs, if any, awarded to pe-
tioner, "*within such a time* as the Surrogate or other officer fixes for
that purpose," the clause quoted relates solely to the payment of costs,
the time for which cannot be fixed except upon presentation of such a
bond.

An award of $50, costs, against an unsuccessful respondent in a contested
special proceeding instituted, under Code Civ. Pro., § 2706, *et seq.*, for
the discovery of concealed assets, etc.,—*held* a reasonable exercise of
the Surrogate's discretion (id., § 2561).

MOTION made by Edward F. McCaskie to modify the
decree entered pursuant to the opinion in this matter,
reported in 4 *Dem.*, 549, in regard to the transfer of
the securities therein mentioned, and by striking out
the fifty dollars costs allowed against him in the pro-
ceeding.   The only ground on which the application
was based was, that he had no notice to appear on the
21st day of July, 1886, fixed for the purpose of the
hearing.

F. LARKIN, *for the motion.*

W. H. HALDANE, *opposed.*

THE SURROGATE.—Treating the affidavit of McCas-
kie in this matter as a petition, he states no ground
for the application, other than that he had no notice
to appear on the 21st day of July.   His counsel now
admits that he had such notice, and there is on file
proof of the due service thereof.   If he made default,
he offers no excuse therefor, and states no reason why
the decree should be modified.   There appears, there-
fore, no sufficient ground for this application.   His
counsel, however, seeks relief on matters *dehors* the
record, and insists that the decree was irregularly en-
tered.   Although not essential to the determination
of the motion, I will consider it briefly.

The answer having been decided not to be such as is permitted by § 2710 of the Code, either party had a right to give further evidence as provided by § 2711. After the decision referred to, notice was given by the attorney for the executrix to McCaskie, on the 16th day of July, to appear before the Surrogate on the 21st day of the same month, when he had an opportunity to exercise such right. Not appearing pursuant thereto, and having admitted the possession of the property in question, and not offering to give the security permissible under the provisions of § 2713, the decree complained of was entered. I can see nothing irregular in this.

Counsel for McCaskie claims that it was the duty of the Surrogate, before making the decree, to enter an order fixing the time within which the bond should be presented, under the last clause of § 2713. In that respect he is, doubtless, mistaken. The fixing of the time there referred to relates solely to the payment of costs, and that time cannot be fixed except "upon the presentation of such a bond."

On the subject of the allowance of fifty dollars costs in that proceeding against the moving party here, it is plain that the matter was in the discretion of the court, to the extent of seventy dollars. Under the circumstances, it does not seem that he has any just ground of complaint in that respect.

Motion denied.